UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

THE TENNIS & GOLF COMPANY,

Chapter 11
Case No. 19-43260-tjt
Judge Thomas J. Tucker

Debtor.
_____/

**ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND TRANSFERRING LIENS TO PROCEEDS; (B) AUTHORIZING THE DEBTOR TO ENTER INTO AND PERFORM ITS OBLIGATIONS UNDER ASSET PURCHASE AGREEMENT; (C) AUTHORIZING DEBTOR TO ASSUME AND ASSIGN CERTAIN LIABILITIES; AND (D) GRANTING RELATED RELIEF**

This case is before the Court on the Debtor's motion, entitled "Debtor's Motion for Entry of an Order (A) Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims and Encumbrances and Transferring Liens to Proceeds; (B) Authorizing the Debtor to Enter into and Perform its Obligation Under Asset Purchase Agreement; (C) Authorizing Debtor to Assume and Assign Certain Liabilities; and (D) Granting Related Relief" (Docket # 47, the "Sale Motion"). The Court has considered (i) the Sale Motion, and (ii) the Declaration of Rita Kozlowski in Support of Debtor's Sale Motion filed in conjunction with the Sale Motion (Docket # 46). Under the Court's Order filed April 11, 2019 (Docket # 51), any objections to the Sale Motion had to be filed no later than April 22, 2019. No objections or other responses to the Sale Motion have been filed.

The Court finds that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest. Upon the record of this case, and after due deliberation thereon;

THE COURT FINDS AND CONCLUDES THAT:

A. The Court has jurisdiction over this Sale Motion under 28 U.S.C. §§ 157 and 1334, and over the entities which are subject to the terms of this Order, including but not limited to all creditors, all persons and entities who have a claim (as defined in §101(5) of the Bankruptcy Code) against the Debtor or the bankruptcy estate, and all parties in interest, including those entities that may claim an interest in the Acquired Assets. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are §§ 105(a), 363(b), (f), (l), (m), and 365 of the United States Bankruptcy Code, 11 U.S.C. 101 et seq., as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C. As evidenced by the affidavits of service previously filed with the Court, (1) adequate and sufficient notice of the Sale Motion, the Sale Hearing and the Sale has been provided in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, including 11 U.S.C. §§ 102(1), 363, and 365 and Fed.

R. Bankr. P. 2002, 6004, and 9014, and the Local Bankruptcy Rules or orders of this Court, (2) such notice was good and sufficient, and appropriate under the particular circumstances, and (3) no other or further notice of the Sale,[1] the Sale Motion, or the Sale Hearing is required.

    D.    A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including the United States Trustee, and all parties on the official matrix of creditors in this case, which includes all entities known to have asserted any lien, claim, encumbrance, right of first refusal, or other property interest in or upon any of the Acquired Assets.

    E.    The Debtor (i) has full power and authority to execute the Asset Purchase Agreement and all other documents contemplated thereby, (ii) has all of the power and authority necessary to consummate the transactions contemplated by the Asset Purchase Agreement, (iii) has taken all actions necessary to authorize and approve the Asset Purchase Agreement and the consummation by the Debtor of the transactions contemplated thereby, and (iv) requires no further consents or approvals, other than those expressly provided for in the Asset Purchase

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Motion and the Asset Purchase Agreement.

Agreement or otherwise explicitly set forth herein, to consummate such transactions.

F. Approval of the Asset Purchase Agreement and consummation of the Sale at this time are in the best interests of the Debtor, its creditors, and its estate.

G. The Debtor has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale under the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 105 and 363.

H. The terms and conditions set forth in the Asset Purchase Agreement, and the Sale to the Purchaser pursuant thereto, represent a fair and reasonable purchase price and constitute the highest and best offer obtainable for the Acquired Assets.

I. A sale of the Acquired Assets to the Purchaser is the only viable alternative for preserving and maximizing the value of the Acquired Assets and therefore the only way to preserve and maximize value is to consummate the Sale and sell the Acquired Assets, thereby insuring an orderly and equitable sale process and distribution of proceeds.

J. Potentially significant and long-term administrative expenses incurred by the Debtor's estate will be minimized as a result of the prompt consummation of the Sale.

K. A sale of the Acquired Assets at this time to the Purchaser will result in the highest possible purchase price. Thus, unless the Sale to the Purchaser is concluded expeditiously, as provided for in the Sale Motion and under the Asset Purchase Agreement, the value of the Acquired Assets will decline and the Debtor, its estate and its creditors may realize little or no value for the Acquired Assets.

L. All Interests (as hereafter defined) will attach to the proceeds of the Sale. The proceeds of sale will be distributed under further order of the Court.

M. The Asset Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under 11 U.S.C. § 363(n).

N. The Purchaser is an entity purchasing property in good faith within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Asset Purchase Agreement.

O. The consideration provided by the Purchaser for the Acquired Assets under the Asset Purchase Agreement constitutes reasonably equivalent value and

fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

P.   The consideration offered in the Asset Purchase Agreement is the highest and best consideration offered for the Acquired Assets and will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative.

Q.   The transfer of the Acquired Assets to the Purchaser at Closing will be a legal, valid, and effective transfer of the Acquired Assets and will vest the Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, claims, judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, restrictions of all kind and any other interest (collectively, "Interests").

R.   The Purchaser would not have entered into the Asset Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, the estate, and the Debtor's creditors, if the Sale of the Acquired Assets to the Purchaser and the assignment of the Assumed Liabilities to the Purchaser were not free and clear of all Interests.

S.   The Debtor may sell the Acquired Assets free and clear of all Interests because the requirements of the Bankruptcy Code, including one or more of the

standards set forth in 11 U.S.C. § 363(f)(1) - (5) have been satisfied or such sale otherwise is authorized under 11 U.S.C. §105. Those holders of Interests and other parties in interest who did not object to the Sale, the Sale Motion or the assumption and assignment of the Assumed Liabilities are deemed to have consented to the transactions contemplated in the Asset Purchase Agreement under 11 U.S.C. §§ 363(f) (2) and 365. To the extent holders of Interests did object, they would fall within one or more of the other subsections of 11 U.S.C. § 363(f) and would be adequately protected by having their Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property in which they claim an Interest as set forth in this Order.

T. The transfer of the Acquired Assets to the Purchaser will not subject the Purchaser to any liability by reason of such transfer or assignment and assumption under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of antitrust or successor or transferee liability or otherwise.

U. The Debtor has good and marketable title to the Acquired Assets.

V. All findings of facts and conclusions of law made herein in connection with the Sale Motion are incorporated herein.

IT IS ORDERED THAT:

I.  General Provisions

1. All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Sale Motion is granted, as provided herein.

2. No objections, responses, or requests for continuances concerning the Sale Motion or the relief requested therein have been made.

II. Approval of Asset Purchase Agreement

3. The Asset Purchase Agreement and the transactions contemplated therein, including the transfer of the Acquired Assets by the Debtor to the Purchaser as provided in the Asset Purchase Agreement are approved and authorized under the Bankruptcy Code, including §§105, 363 and 365 of the Bankruptcy Code.

4. The transfer of the Acquired Assets by the Debtor to the Purchaser at the Closing will be a legal, valid, and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any entity (as defined in § 101(15) of the Bankruptcy Code).

5. The transfer of the Acquired Assets by the Debtor to the Purchaser vests the Purchaser with good and indefeasible title to the Acquired Assets free and clear of all Interests, except those expressly assumed by the Purchaser thereunder;

and any such Interests which existed prior to the Closing will attach to the proceeds of the sale in the same order and priority as existed before the sale.

6. The transfer of the Acquired Assets is in exchange for consideration being paid by the Purchaser that constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

7. The transfer of the Acquired Assets does not and will not subject the Purchaser to any liability by reason of such transfers and assignments under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor or transferee liability.

8. The Bankruptcy Court retains jurisdiction to interpret and enforce the provisions of the Asset Purchase Agreement, any related agreement to which the Debtor is a party, and this Order, including, without limitation, jurisdiction to (a) protect the Purchaser against any claims or other liabilities related to the transactions contemplated by the Asset Purchase Agreement or otherwise, in accordance with the provisions of the Asset Purchase Agreement, (b) resolve any and all objections to, or disputes among the parties to the Asset Purchase Agreement regarding all issues or disputes with respect to claims for indemnification or otherwise payable under the Asset Purchase Agreement,

provided, however, that in the event the court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this Paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction will have no effect upon and will not control, prohibit, or limit the exercise of jurisdiction of any other court or arbitral body having competent jurisdiction with respect to any such matter.

9. The negotiations for the Asset Purchase Agreement were conducted in good faith by the Purchaser, and the transactions contemplated by the Asset Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in § 363(m) of the Bankruptcy Code, and the Purchaser is entitled to the rights and protections granted thereby.

10. There exist exigent business reasons for the sale of the Acquired Assets to the Purchaser.

11. The Purchaser is not, and has never been, operating the Debtor or the Debtor's bankruptcy estate.

12. The Purchaser is not liable for any pre-petition or post-petition claim being asserted against, or which may be asserted against, the Debtor or the Debtor's bankruptcy estate.

13. The sale is in the best interests of the Debtor's estate, the Debtor's creditors, and is otherwise in the public interest.

14. There has been such notice as is appropriate in the particular circumstances given to all entities required by law to receive notice of the sale and such opportunity for hearing as is appropriate in the particular circumstances.

15. The Acquired Assets have been adequately marketed and will lose value absent a prompt sale.

16. All of the requirements of §§105 and 363 of the Bankruptcy Code for a sale free and clear of Interests have been met and the Acquired Assets will be transferred free and clear of all Interests of any kind or nature whatsoever, with such Interests to attach to the sale proceeds in the order of their priority, with the same validity, force and effect which they now have against the Acquired Assets, subject to any claims or defenses that the Debtor may possess with respect thereto.

17. The Debtor's previous execution and delivery of the Asset Purchase Agreement is hereby authorized, and the Debtor is authorized to consummate, under the terms of the Asset Purchase Agreement, the sale of the Acquired Assets to the Purchaser and related transactions and to negotiate, execute, and deliver such other and further documents as may be necessary or appropriate to implement and consummate the Asset Purchase Agreement.

III. Miscellaneous

18. The Debtor and the Purchaser and each other entity or person having duties or responsibilities under the Asset Purchase Agreement, any related

agreements, or this Order, and their respective directors, officers, general partners, agents, representatives, and attorneys, are authorized and empowered to carry out all of the provisions of the Asset Purchase Agreement and any other related agreements; to issue, execute, deliver, file, and record, as appropriate, such other and further documents as may be necessary evidencing and consummating the Asset Purchase Agreement and any other related agreements; and to take any and all actions contemplated by the Asset Purchase Agreement, any other related agreements, or this Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, bills of sale, assignments, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Asset Purchase Agreement, any other related agreements, and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by their respective directors, stockholders or partners, and with like effect as if such actions had been taken by unanimous action of the respective directors, stockholders and partners of such entities. All such additional agreements, documents, and instruments will be deemed to be "related agreements" for purposes of this Order. The Debtor will be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certifications or attestation will

be required to make any such action valid, binding, and enforceable).  The Debtor is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Asset Purchase Agreement, any other related agreements, and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units.  The execution of any such document, or the taking of any such action will be, and hereby is, deemed conclusive evidence of the authority of such entity to so act.  Without limiting the generality of the foregoing, this Order will constitute all approvals and consents, if any, required by the general corporation law of the state of incorporation of each of the Debtor and all other applicable business corporation, trust, and other laws of the applicable governmental units with respect to the implementation and consummation of the Asset Purchase Agreement, the related agreements, and this Order and the transactions contemplated thereby and hereby.

19. On the Closing Date, each of the Debtor's creditors is directed to execute such documents and take all other actions as may be necessary to release

its liens on or claims against the Acquired Assets, if any, as such liens or claims may have been recorded or may otherwise exist.

20. This Order is and will be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other Persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

21. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement, the related agreements and this Order.

22. If any Person or entity that has filed financing statements or other documents or agreements evidencing liens on or interests in the Acquired Assets will not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens or other interests which the Person or entity has with respect to the Acquired Assets, the Debtor is hereby authorized and directed

to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets immediately prior to the Closing.

23. All persons are enjoined from in any way pursuing the Purchaser or its affiliates to recover any claim which such person has against the Debtor or the Acquired Assets, except with respect to any claim which is independently assertible against the Purchaser or its affiliates and does not arise directly or indirectly from such person's dealings with the Debtor or the assignments and transfers contemplated by this Order.

24. The Asset Purchase Agreement, the related agreements, and all other documents, agreements, and instruments necessary to effectuate and consummate the transactions contemplated by the Asset Purchase Agreement, together with the terms and provisions of this Order, will be binding upon and will inure to the benefit of the Debtor, the Purchaser, and their respective successors and assigns.

25. The Asset Purchase Agreement and any related agreement may be modified, amended, or supplemented by agreement of the Debtor and the Purchaser without further action of the Court, provided that any such modification, amendment, or supplement is not material and substantially conforms to and effectuates the Asset Purchase Agreement.

26. This Order will be effective immediately upon entry of same and the fourteen (14) day stay as provided for in Fed.R.Bankr.P. 6004(h) and 6006(d) will be, and hereby is, waived without further notice.

**Signed on April 23, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge